UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
RANDOLPH S. KOCH,                       )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )        Civil Action No. 12-0301 (PLF)
                                        )
MARY JO WHITE, Chairman, Securities     )
      and Exchange Commission, *et al*. )
                                        )
            Defendants.[1]              )
_____ )


<u>OPINION</u>

        This employment discrimination case is before the Court on defendants' motion

to dismiss the action or, in the alternative, for summary judgment.  Defendants Mary Jo White,

Chairman of the United States Securities and Exchange Commission ("SEC"), and Susan R.

Larson, an SEC employee, filed their motion on October 12, 2012, approximately eleven months

ago.  *Pro se* plaintiff, Randolph S. Koch, did not file an opposition.  On February 15, 2013, the

Court issued an Order pursuant to <u>Fox v. Strickland</u>, 837 F.2d 507 (D.C. Cir. 1988), and <u>Neal v.

Kelly</u>, 963 F.2d 453 (D.C. Cir. 1992), directing Mr. Koch to respond to defendants' dispositive

motion by February 28, 2013, and informing him of the risks of failing to respond.  <u>See Fox</u>/<u>Neal</u>

Order (Feb. 15, 2013).  Although Mr. Koch is trained as an attorney and has submitted briefs in

opposition to dispositive motions in numerous other related cases, he has not responded to the

_____
        [1]      The Court has substituted Chairman Mary Jo White in place of former Chairman
Mary L. Schapiro pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

motion in this action.[2]  Nor has he made any request for an extension of time in this case since

the Court's February 15, 2013 Order.

        In these circumstances, the Court may treat the defendants' motion as conceded.

D.D.C. Loc. Civ. R. 7(b); see also Fox v. American Airlines, Inc., 389 F.3d 1291, 1294-95 (D.C.

Cir. 2004) (finding that district court did not abuse its discretion in granting dispositive motion

on the basis that plaintiffs' failure to timely respond was a concession of the motion's validity

under Local Civil Rule 7(b)); Cromartie v. Dist. of Columbia, 806 F. Supp. 2d 222, 226 (D.D.C.

2011) (declining to reconsider treatment of defendants' motion for summary judgment as

conceded, where plaintiff had failed to file timely opposition), aff'd, No. 11-7099, 479 Fed.

App'x 355 (D.C. Cir. May 2, 2012).  The Court also has considered the substance of the

defendants' motion.  After careful consideration of the motion, the Equal Employment

Opportunity Commission ("EEOC") decision denying Mr. Koch's administrative appeal, and the

relevant legal authorities, the Court has concluded that the motion should be granted on its merits

and therefore will dismiss the case.[3]

## I.  BACKGROUND

        Randolph Koch is a former employee of the Securities and Exchange Commission

("SEC").  Compl. ¶ 1.  Mr. Koch alleges that he "suffers from numerous, serious medical

---

[2]    See, e.g., Plaintiff's Memorandum in Support of His Opposition to Defendant's Motion to Dismiss, Civil Action No. 08-1521, [Dkt. No. 62]; Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Dispositive Motion, Civil Action No. 10-0150, [Dkt. No. 33].

[3]    The papers reviewed in connection with the pending motion include the following:  Plaintiff's Civil Complaint ("Compl.") [Dkt. No. 1]; Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment ("Defs.' Mot.") [Dkt. No. 15]; the EEOC decision denying Mr. Koch's administrative appeal, Koch v. Schapiro, No. 0120112623, 2011 WL 5023377 (E.E.O.C. Oct. 11, 2011), attached as Exhibit A to Defendants' Motion; and this Court's February 15, 2013 Order ("Fox/Neal Order") [Dkt. No. 20].

conditions which substantially limit him in major life activities." Id. ¶ 3.  Although the complaint contains no allegations of his other protected statuses, the Court takes judicial notice of the fact that Mr. Koch, in related lawsuits, has described himself as over forty years old, white, and Jewish.  Koch v. Schapiro, 777 F. Supp. 2d 86, 87 (D.D.C. 2011); Koch v. Schapiro, 697 F. Supp. 2d 65, 67 (D.D.C. 2010).  Mr. Koch brings this suit against Chairman White in her official capacity as chairman of the SEC and against Ms. Larson in her individual capacity.

Mr. Koch initiated this civil action on February 23, 2012, when he filed a complaint in this Court.  Most of Mr. Koch's complaint is devoted to describing the SEC's alleged failure to provide him promptly with certain benefits after his separation from the agency and Ms. Larson's alleged misstatements to him about the relevant application process for such benefits.  These allegations, accepted as true for the purposes of this motion, are summarized as follows.

Randolph Koch was separated from the SEC on October 13, 2009, for misconduct.  Compl. ¶ 10.  Following his separation, Mr. Koch sent e-mails and a letter to the SEC's Office of Human Resources requesting that he be placed in retirement.  Id. ¶ 11.  Soon after, in December 2009, Mr. Koch called Ms. Larson, a benefits officer at the SEC, who informed him that she would begin to process his application for retirement benefits.  Id. ¶¶ 12-13.  Ms. Larson also led Mr. Koch to believe that she would arrange for the temporary continuation of his health insurance coverage and the provision of a subsidy to help him pay his health insurance premium.  Id. ¶¶ 13, 17.[4]  Mr. Koch does not allege that he had any contact with Ms. Larson before or after this conversation.

---

[4]      In the administrative proceedings before the agency, Ms. Larson apparently refuted Mr. Koch's allegations and represented that she never received a request from Mr. Koch to process his retirement application.  See Compl. ¶ 24.

Mr. Koch, who has long suffered from a variety of physical ailments, fell ill once again in early 2010.  Compl. ¶¶ 3-4, 18.  From February 2010 through June 2010, he received medical treatment for a kidney stone, vertigo and related problems, and edema.  Id. ¶¶ 18-21.  Although he continued to receive health coverage during this period, he never received the health insurance premium subsidy, and instead paid the full premium himself.  Id. ¶ 14.  Nor did he receive retirement benefits.  Id. ¶¶ 22-23.

In late 2010, not yet having received information regarding his retirement application or subsidy, Mr. Koch contacted the United States Office of Personnel Management ("OPM").  Compl. ¶ 23.  Shortly thereafter, the OPM began to process his application, and Mr. Koch received his full accrued retirement benefit in August 2011.  Id. ¶¶ 27-28.  He has not been paid the value of the health insurance premium subsidy, to which he maintains he is entitled.  Id. ¶ 28.

In addition to the alleged facts summarized above, Mr. Koch's complaint also contains allegations relating to an entirely separate exchange with a different SEC employee.  In early 2009, previous to the events described above and while he still was employed at the SEC, Mr. Koch initiated informal counseling through the SEC's Equal Employment Opportunity ("EEO") office.  Compl. ¶ 29.  This counseling was undertaken in connection with EEO Complaint No. 05-09-09, in which Mr. Koch asserted retaliatory conduct by the SEC Office of the Inspector General.  See id. ¶ 29 and preceding heading; id. ¶ 42.  Mr. Koch alleges that counselor Terri Booker was "disputatious," id. ¶ 30, and that she failed to conduct a final counseling interview.  Id. ¶ 31.

Mr. Koch asserts four causes of action arising from these events.  In the first count of the complaint, Mr. Koch asserts that the SEC, through Ms. Larson, engaged in

4

discriminatory and retaliatory conduct in violation of the Rehabilitation Act, the Age

Discrimination in Employment Act ("ADEA"), and Title VII of the Civil Rights Act of 1964 "by

failing to process Koch's retirement request, and/or by deceiving Koch into believing it would,

without informing him that he should make his request to the Office of Personnel Management."

Compl. ¶¶ 33, 34.  In the second count, he asserts that the SEC, through Ms. Larson, engaged in

discriminatory and retaliatory conduct in violation of the aforementioned statutes "by failing to

pay the [Federal Employees Health Benefits] premium subsidy required under the American

Recovery and Reinvestment Act of 2009."  Id. ¶¶ 36, 37.  The third count is a constitutional due

process claim alleging that Mr. Koch was deprived of his retirement benefits and premium

subsidy without due process.  Id. ¶¶ 38-40.  And finally, in the fourth count of the complaint, Mr.

Koch asserts that the SEC failed to provide EEO counseling; Mr. Koch does not specify the

specific cause of action that stems from this alleged failure.  Id. ¶¶ 41-43.

## II.  LEGAL STANDARDS

While Mr. Koch is proceeding *pro se* in this case, the Court notes that he is a

lawyer and an active litigant who has considerable experience pursuing employment

discrimination matters.  Koch v. Walter, --- F. Supp. 2d ----, 2013 WL 1291097, at *2 (D.D.C.

2013).  Nevertheless, the Court reviews his complaint under "less stringent standards than formal

pleadings [or legal briefs] drafted by lawyers."  Chandler v. W.E. Welch & Associates, Inc., 533

F. Supp. 2d 94, 102 (D.D.C. 2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

As the Court relies only on the pleadings and the administrative decision issued

by the EEOC, of which it may take judicial notice, it analyzes defendants' motion under Rule

12(b)(6), not as a motion for summary judgment under Rule 56.  See FED. R. CIV. P. 12(d);

Laughlin v. Holder, 923 F. Supp. 2d 204, 209 (D.D.C. 2013) (noting that a plaintiff's formal

administrative complaint is a public record subject to judicial notice).[5]

        Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a

complaint if a plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P.

12(b)(6).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of

the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice

of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly,

550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Although

"detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss,

the facts alleged must be "enough to raise a right to relief above the speculative level."  Id.  The

complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic

Corp. v. Twombly, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  In re Interbank Funding Corp. Sec. Litig., 629 F.3d 213, 218 (D.C.

Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. at 678).

        In considering a motion to dismiss under Rule 12(b)(6), the Court "must accept as

true all of the factual allegations contained in the complaint."  Bell Atlantic Corp. v. Twombly,

550 U.S. at 555 (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 508, 508 n.1 (2002)).  The

complaint is construed liberally in the plaintiff's favor, and the Court gives the plaintiff "the

benefit of all inferences that can be derived from the facts alleged."  Hettinga v. United States,

677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotations omitted).  Nevertheless, the Court need

---

[5]     Neither party has supplemented the record with affidavits or other additional evidence.

not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions.  Id. (citing Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

## III.  DISCUSSION

### A.  *Counts One and Two*

Defendants assert that counts one and two of the complaint must be dismissed on three independent grounds: untimeliness of the filing of the civil complaint; noncompliance with the administrative counseling requirement; and failure to plead sufficient facts to state a claim for relief.  As discussed below, the Court agrees that counts one and two must be dismissed as untimely and unsupported by adequate factual allegations.  Without considering facts not properly before the Court, it cannot find that failure to comply with the counseling requirement serves as an additional ground for dismissal.

### 1.  Ninety-Day Requirement

Before bringing a civil action under Title VII, the ADEA, or the Rehabilitation Act, a plaintiff must first exhaust his administrative remedies with the agency that allegedly discriminated against him.  42 U.S.C. § 2000e-16(c); 29 U.S.C. § 794a(a)(1); 29 U.S.C § 633a(b)-(d); see also Payne v. Salazar, 619 F.3d 56, 58 (D.C. Cir. 2010).  To begin that process, a federal employee must contact an EEO counselor at the agency within forty-five days of the alleged violation.  29 C.F.R. § 1614.105(a).  If the matter is not resolved through counseling, the employee may file an administrative complaint with the agency.  See 29 C.F.R. § 1614.106(a).  If the agency issues a final decision adverse to the employee, the employee may either appeal that decision to the EEOC or file a civil action in federal court.  29 C.F.R. §§ 1614.110, 1614.401, 1614.407.

Where the federal employee pursues an appeal to the EEOC – as Mr. Koch did in this case – that ultimately proves unsuccessful, he may then file a civil action in federal district court, so long as he files his civil complaint within ninety days of receiving the EEOC right-to-sue notice.  29 C.F.R. § 1614.407(c); see Mack v. WP Co., LLC, 923 F. Supp. 2d 294, 298 (D.D.C. 2013).  "The ninety-day time limit from the date of receipt 'functions like a statute of limitations.'"  Mack v. WP Co., LLC, 923 F. Supp. 2d at 298 (quoting Wiley v. Johnson, 436 F. Supp. 2d 91, 96 (D.D.C. 2006)).  If there is no evidence in the record of the date of receipt, "the Court 'must determine a presumptive date of receipt.'"  Id. (quoting Hogue v. Roach, 967 F.Supp. 7, 9 (D.D.C.1997)).  Courts routinely presume that the right-to-sue notice is received either three or five days after it is issued.  Id. at 299 (collecting cases).

Mr. Koch filed a formal administrative complaint in connection with the claims presented in counts one and two of this action on February 15, 2011.  Koch v. Schapiro, 2011 WL 5023377, at *1.  The agency dismissed his claims, and the EEOC affirmed the agency's dismissal in a decision issued on October 11, 2011.  Id. at *3.  Included in the EEOC's decision was a right-to-sue notice advising Mr. Koch that he had a right to file a civil action within ninety calendar days.  Id. at *4.

The issuance of the right-to-sue notice triggered the start of the ninety-day clock.  The date that fell ninety days after October 11, 2011, was January 9, 2012.  If the Court applies the more common three-day presumption for receipt of notice, see Mack v. WP Co., LLC, 923 F. Supp. 2d at 299, then Mr. Koch's deadline for filing a civil complaint was Thursday, January 12, 2012.  Applying the more generous five-day presumption brings the deadline to January 14, 2012, which took place on a Saturday.  The next non-holiday weekday was Tuesday, January 17, 2012.

Yet Mr. Koch waited until February 23, 2012 – over one month after the ninety-day deadline had passed – to file his civil complaint.  Mr. Koch has not provided any evidence or argument that this delay was due to extenuating circumstances.  The Court therefore concludes that counts one and two must be dismissed as untimely.

2.  Exhaustion of Administrative Remedies – EEO Counseling Requirement

Defendants next argue that Mr. Koch was untimely in seeking counseling at the SEC's EEO Office.  As noted above, an employee aggrieved under the ADEA, Title VII, or the Rehabilitation Act must initiate counseling with an agency counselor within forty-five days after the alleged discriminatory or retaliatory act occurred.  29 C.F.R. § 1614.105; see also Woodruff v. Peters, 482 F.3d 521, 527 (D.C. Cir. 2007).  If the employee was unaware of the discriminatory or retaliatory act at the time, however, the clock begins running from the date on which the employee learned, or reasonably should have suspected, that he was the victim of discrimination or retaliation.  29 C.F.R. § 1614.105(a)(2); see Coghlan v. Peters, 555 F. Supp. 2d 187, 200 (D.D.C. 2008).

Although Mr. Koch asserts that he spoke to Ms. Larson in December 2009, Compl. ¶ 12, the EEOC decision indicates that Mr. Koch did not contact an EEO counselor until November 26, 2010.  Koch v. Schapiro, 2011 WL 5023377, at *1-2.  Defendants contend that the lengthy delay between the date of Mr. Koch's alleged conversation with Ms. Larson and the date on which he first sought counseling renders his administrative complaint untimely.  Defs.' Mot. at 11.  Mr. Koch, for his part, alleges that "[i]t was only during the fall of 2010 that Koch began to wonder why he was not hearing anything from the SEC about his retirement or the health insurance premium subsidy."  Compl. ¶ 22.  Whether Mr. Koch timely sought counseling services thus depends on whether he reasonably should have suspected prior to October 2010

that Ms. Larson had misled him.  This issue turns on questions of fact that cannot be resolved on

the pleadings and the EEOC decision.

              Approximately ten months passed between December 2009, the month in which

the alleged conversation with Ms. Larson took place, and October 12, 2010, the date forty-five

days prior to the date when Mr. Koch first sought counseling.  Certainly this is a long time, but

not so long as to put Mr. Koch unquestionably on notice that his application was not being

processed.  After all, approximately nine months passed between the month in which Mr. Koch

contacted the correct office regarding his retirement benefits (around November 2010), see Koch

v. Schapiro, 2011 WL 5023377, at *1-2, and the month in which he began receiving these

benefits (August 2011).  See Compl. ¶ 27.  Based on the record before it, the Court cannot say

that as a matter of law, Mr. Koch reasonably should have suspected before the fall of 2010 that

he had been the victim of discrimination or retaliation.[6]  Because the Court dismisses counts one

and two for the reasons described above and below, however, it need not resolve this question

either on a motion for summary judgment or at trial.

### 3.  Dismissal for Failure to Allege Sufficient Facts

              Defendants assert that Mr. Koch has failed to allege sufficient facts in support of

counts one and two to state a facially plausible claim for relief.  They are correct.

---

[6]     Mr. Koch's purported failure to timely seek counseling was the basis for the
agency's dismissal of these claims.  Koch v. Schapiro, 2011 WL 5023377, at *1.  It appears,
however, that the agency was considering evidence not currently before the Court.  In the
EEOC's affirmance of the agency's decision, the EEOC cited statements by Mr. Koch that he
had contacted Ms. Larson in March 2010 but received no response.  Id. at *1-2.  In light of these
statements, the EEOC upheld the agency's finding that Mr. Koch "should have reasonably
suspected discrimination as of March 18, 2010 (after the last e-mail he send [sic] to the Agency),
in light of his assertion that the Agency failed to respond to his request[.]"  Id. at *2.  In this
action, however, defendants have not offered any evidence of Mr. Koch's statements regarding
the March 2010 e-mail to Ms. Larson; nor does Mr. Koch mention contacting Ms. Larson in
March 2010 in his civil complaint.

As noted above, although "heightened fact pleading of specifics" is not required to survive a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. at 570. The plausibility standard articulated in Twombly, and confirmed in Iqbal, "asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. at 557); see id. (noting that a complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" does not suffice).

Although Mr. Koch alleges facts that support an inference that Ms. Larson misinformed him about the application process for benefits, Compl. ¶¶ 12-14, 17, 23, he alleges *no* facts suggesting that Ms. Larson acted with discriminatory or retaliatory purpose. Absent from the complaint are any allegations that Ms. Larson knew about Mr. Koch's protected statuses or protected conduct. Even if the Court assumes that Ms. Larson ascertained that Mr. Koch was above forty, by virtue of his request for retirement, the facts as alleged in the complaint offer no reason to believe that her alleged misconduct was motivated by discriminatory animus.

The only statements in the complaint that might even suggest that Ms. Larson acted with discriminatory or retaliatory purpose are located in the summaries of the first and second causes of action, wherein Mr. Koch states in conclusory fashion that the "SEC violated the Rehabilitation Act, the Age Discrimination in Employment Act, and Title VII of the Civil Rights Act" by discriminating against him "on the basis of his disabilities, his age, his race and

religion" and "retaliating against Koch for his prior protected activity."  Compl. ¶¶ 33-34,

36-37.  But "the tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions."  <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678.  Mr. Koch's

invocation of the federal discrimination statutes, with nothing more, is insufficient to create an

inference of defendants' liability.

Mr. Koch's failure to plead sufficient facts to state a plausible claim for relief

therefore provides a second independent ground for dismissing counts one and two.

### B.  Count Three: Violations of Mr. Koch's Due Process Rights

Mr. Koch next contends that the SEC unconstitutionally deprived him of his

property interest in his retirement benefits and premium subsidy, without due process of law,

when Ms. Larson allegedly misinformed him that she would handle his enrollment in these

benefits programs.  Compl. ¶¶ 38-40.  Although his logic is far from clear, Mr. Koch seems to

allege that this misinformation constituted a deprivation of his property interest on the part of the

SEC.  <u>Id</u>. ¶ 40.  He also implies that the SEC was required to allow him some process – i.e.,

some opportunity to be heard – before effecting this deprivation.

Based on Mr. Koch's allegations, the Court will assume, without deciding, that

Ms. Larson's actions deprived Mr. Koch of a protected property interest.  Nevertheless, this

count must be dismissed for at least two reasons.  First, it is impossible to discern the procedures

to which Mr. Koch believes he was entitled, of which he allegedly was deprived.  "To state a

procedural due process claim, a complaint must suggest 'what sort of process is due.'"  <u>Elkins v.</u>

<u>Dist. of Columbia</u>, 690 F.3d 554, 561 (D.C. Cir. 2012) (quoting <u>Doe by Fein v. Dist. of</u>

<u>Columbia</u>, 93 F.3d 861, 869 (D.C. Cir. 1996)).  The complaint fails to do so here, and therefore

falls short of Rule 8's pleading requirements.

Second, even if the Court assumes that Mr. Koch properly alleged a violation of his constitutional due process rights relating to the provision of his benefits, this violation is not remediable through the <u>Bivens</u>-type constitutional tort claim brought here.  In <u>Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court held that the federal courts have discretion to create a remedial action by which an aggrieved individual may sue and seek damages for violations of certain constitutional rights by federal officials, even where Congress has not expressly authorized a damages remedy.  <u>Id</u>. at 397; <u>see also</u> <u>Davis v. Billington</u>, 681 F.3d 377, 381 (D.C. Cir. 2012).  Such discretion is limited, however.  The Supreme Court has cautioned that a court should decline to create a <u>Bivens</u> remedy where "any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages."  <u>Wilkie v. Robbins</u>, 551 U.S. 537, 550 (2007).  Where no such alternative process exists, "the federal courts must make the kind of remedial determination that is appropriate for a common-law tribunal, paying particular heed, however, to any special factors counselling hesitation before authorizing a new kind of federal litigation."  <u>Id</u>. (quoting <u>Bush v. Lucas</u>, 462 U.S. 367, 378 (1983)).

Mr. Koch relies on precisely the same factual allegations to support his due process claim as those relied on for his discrimination and retaliation claims.  Compl. ¶¶ 32, 35, 38 (repeating and realleging the allegations contained in paragraphs 1 through 28 in support of counts one, two and three).  To the extent that the due process claim is simply a re-styled discrimination claim, it would be improper to recognize an independent <u>Bivens</u> action to address defendants' alleged misconduct, as the anti-discrimination statutes provide an "alternative, existing process for protecting [Mr. Koch's] interest."  <u>Wilkie v. Robbins</u>, 551 U.S. at 550; <u>see</u>

also Brown v. General Services Administration, 425 U.S. 820, 835 (1976) (holding that Title VII

of the Civil Rights Act "provides the exclusive judicial remedy for claims of discrimination [on

the basis of race, sex, or religion] in federal employment").

            Even if the due process claim against Ms. Larson is viewed as independent of any

allegations of discrimination or retaliation, and merely rests on allegations of an adverse

personnel action, it likely is foreclosed by the Civil Service Reform Act ("CSRA"), which

establishes a "comprehensive system to administer public rights" for federal employees.  Davis

v. Billington, 681 F.3d at 384.  The Supreme Court and the D.C. Circuit have held that the

CSRA, which establishes "an elaborate remedial system that has been constructed step by step,

with careful attention to conflicting policy considerations," constitutes "a special factor that

preclude[s] creation of a Bivens remedy."  Id. at 381 (quoting Bush v. Lucas, 462 U.S. at 388);

see also Kittner v. Gates, 708 F. Supp. 2d 47, 54-56 (D.D.C. 2010) (finding federal employee's

due process claims relating to discrimination and retaliation, if not preempted by Title VII, were

precluded by CSRA).  Mr. Koch, in declining to respond to the defendants' motion, has made no

showing that a Bivens remedy is preserved here.  Cf. Davis v. Billington, 681 F.3d at 383 (noting

that Bivens remedy may be available to public employee where Congress inadvertently omitted a

damages remedy for claimant or intended to preserve Bivens remedy).

### C.  Count Four: Improper Processing of Prior Administrative Complaint

            The fourth count in Mr. Koch's complaint alleges that a counselor in the SEC's

EEO office failed to provide adequate counseling services relating to a different administrative

complaint, EEO Complaint No. 05-09-09.  Mr. Koch does not specify the cause of action

stemming from this alleged misconduct; indeed, he cannot, as allegations of an agency's

improper processing of an administrative complaint do not support an actionable claim.  See

14

Smith v. Casellas, 119 F.3d 33, 34 (D.C. Cir. 1997); Jordan v. Summers, 205 F.3d 337, 342 (7th Cir. 2000).

In Smith v. Casellas, the D.C. Circuit held that a complainant may not sue the EEOC for improper handling of a discrimination charge.  119 F.3d at 34 ("Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge."). As the court of appeals observed: "Congress intended the private right of action provided for in section 706(f)(1) of the [Civil Rights] Act . . . – under which an aggrieved employee may bring a Title VII action directly against his or her employer – to serve as the remedy for any improper handling of a discrimination charge by the EEOC."  Id.; accord Bagenstose v. Dist. of Columbia, 503 F. Supp. 2d 247, 255-56 (D.D.C. 2007).

The D.C. Circuit's analysis is equally applicable to allegations of improper handling of a complaint by the EEO office of a federal agency, which provides a function analogous to the EEOC.  To the extent that an agency's improper processing of an administrative complaint results in the agency's failure to address the underlying violation of an anti-discrimination statute, this harm to the employee can be remedied through the employee's right of action in federal court.  See Jordan v. Summers, 205 F.3d at 342 (holding that public employees have no claim against the EEO office of their employer agency for failure to process a discrimination claim); 29 C.F.R. § 1614.107(a)(8) (providing that an agency shall dismiss an administrative complaint "[t]hat alleges dissatisfaction with the processing of a previously filed complaint").  Indeed, Mr. Koch availed himself of this right in January 2010, when he initiated a separate lawsuit based on the underlying claims asserted in EEO Complaint No. 05-09-09.  See

15

<u>Koch v. Walter</u>, 2013 WL 1291097, at *1 & n.1.  Count four of the complaint therefore must be dismissed.

IV. CONCLUSION

Mr. Koch has not attempted to argue that his complaint might be amended to properly support any of his four claims.  For this reason, and because the Court has no independent basis to believe that the complaint could be amended to state a claim, it dismisses the complaint with prejudice and dismisses the action in its entirety.

An Order consistent with this Opinion will issue this same day.

/s/_____
PAUL L. FRIEDMAN
DATE:  September 10, 2013                     United States District Court