UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
RANDOLPH S. KOCH,                   )
                                    )
       Plaintiff,                 )
                                    )
       v.                         )    Civil Action No. 12-0301 (PLF)
                                    )
MARY JO WHITE,                      )
  Chair, Securities and Exchange    )
  Commission, *et al*.                )
                                    )
       Defendants.                )
_____ )

MEMORANDUM OPINION AND ORDER

On September 10, 2013, the Court granted the defendants' motion to dismiss plaintiff's complaint in this employment discrimination matter. Koch v. White, 967 F. Supp. 2d 326 (D.D.C. 2013). The plaintiff has moved for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and has requested the appointment of *pro bono* counsel. Upon careful consideration of the parties' arguments, this Court's September 10, 2013 decision, and the entire record in this case, the Court will deny plaintiff's motion.[1]

Motions for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent

---

[1] The papers reviewed in connection with the pending motion include the following: plaintiff's civil complaint ("Compl.") [Dkt. No. 1]; defendants' motion to dismiss [Dkt. No. 15]; plaintiff's motion for reconsideration and appointment of counsel ("Pl.'s Mot.") [Dkt. No. 23]; defendants' opposition to plaintiff's motion [Dkt. No. 25], and this Court's Opinion dismissing plaintiff's complaint [Dkt. No. 22], cited as Koch v. White, 967 F. Supp. 2d 326 (D.D.C. 2013).

manifest injustice." Dyson v. District of Columbia, 710 F.3d 415, 420 (D.C. Cir. 2013) (quoting Ciralsky v. CIA, 355 F.3d 661, 671 (D.C. Cir. 2004)).  Rule 59(e) motions "may not be used . . . to raise new arguments or present evidence that could have been raised prior to the entry of judgment." Niedermeier v. Office of Max S. Baucus, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (internal quotation omitted); see also MDB Commc'ns, Inc. v. Hartford Casualty Ins. Co., 531 F. Supp. 2d 75, 79 (D.D.C. 2008).  Motions for reconsideration are disfavored and are "granted only when the moving party establishes extraordinary circumstances." Solomon v. Univ. of Southern California, 255 F.R.D. 303, 305 (D.D.C. 2009) (quoting Niedermeier v. Office of Max S. Baucus, 153 F. Supp. 2d at 28).

The Court notes at the outset that the plaintiff, Randolph S. Koch, attempts in his motion "to raise new arguments . . . that could have been raised prior to the entry of judgment." Niedermeier v. Office of Max S. Baucus, 153 F. Supp. 2d at 28; see Pl.'s Mot. at 5.  The government filed the motion to dismiss on October 12, 2012.  The Court subsequently granted Mr. Koch two extensions of time within which to oppose the government's motion.  See Minute Order dated November 2, 2012; Minute Order dated January 7, 2013.  On February 15, 2013, the Court directed Mr. Koch to file his opposition no later than February 28, 2013, and informed him of the risks of failing to respond.  See Mem. Op. & Order, Dkt. No. 20.  But Mr. Koch did not submit any response by this deadline.  It was only *after* the Court rendered a decision in the government's favor on September 10, 2013, that Mr. Koch responded to the motion to dismiss, via his motion for reconsideration.[2]

---

[2] The Court notes that while Mr. Koch is proceeding *pro se*, he has been trained as an attorney and has submitted briefs in opposition to dispositive motions in numerous other cases.  See, e.g., Plaintiff's Memorandum in Support of His Opposition to Defendant's Motion to Dismiss, Civil Action No. 08-1521, Dkt. No. 62; Plaintiff's Memorandum of Points and Authorities to Defendant's Dispositive Motion, Civil Action No. 10-0150, Dkt. No. 33.  The

Moreover, Mr. Koch fails in his motion to provide any legal basis for reconsideration of this Court's decision. He identifies no intervening change in law or newly available evidence, nor does he point to any clear error in the decision. The Court therefore finds that Mr. Koch has failed to demonstrate circumstances warranting reconsideration of its September 10, 2013 Opinion and Order.

Mr. Koch also requests the appointment of *pro bono* counsel to assist him in this case as well as a related case. Mr. Koch is not proceeding *in forma pauperis* in either case and therefore does not qualify for appointment of counsel from the Court's Civil Pro Bono Panel. See LOC. CIV. R. 83.11(b)(3).

Accordingly, it is hereby

ORDERED that [Dkt. No. 23] plaintiff's motion for reconsideration is DENIED; and it is

FURTHER ORDERED that plaintiff's motion for the appointment of counsel [Dkt. No. 23] is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE: June 11, 2014   United States District Judge

---

Court is sympathetic to Mr. Koch's ongoing medical issues; accordingly, it has incorporated flexibility into its briefing schedules in this and other cases brought by Mr. Koch, see Mem. Op. & Order, Dkt. No. 6 (June 25, 2012), and entertained belated requests for extensions of filing deadlines. See, e.g., Minute Order of November 2, 2012. But this flexibility must have its limits.